IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUMRIENG BAUER, Individually and §
as Personal Representative of the Estate §
of RICHARD F. BAUER, ET AL. §
§
     Plaintiffs, §
§     NO. 3-04-CV-2567-BD
VS. §
§
DALLAS COUNTY, ET AL. §
§
     Defendants. §

**<u>MEMORANDUM ORDER</u>**

     Defendants Dallas County, Texas and Jim Bowles, in his official capacity as former Sheriff

of Dallas County, Texas, have filed a motion for summary judgment in this civil rights action

brought under 42 U.S.C. § 1983 and Texas law.  In their complaint, plaintiffs allege that defendants

failed to provide adequate medical care to Richard F. Bauer while incarcerated in the Dallas County

Jail.  More particularly, plaintiffs contend that jail employees ignored Bauer's repeated complaints

of chest pain, severe coughing, and respiratory distress over a three-month period.  When Bauer

collapsed in his cell on October 18, 2002, he was transported to the hospital where tests revealed that

he suffered from bronchitis and a lung tumor.  According to plaintiffs, defendants failed to give

Bauer his prescribed medications and provided inadequate medical care upon his return to the jail.

Less than two months later, on December 2, 2002, Bauer succumbed to metastatic lung cancer.

Defendants now seeks summary judgment on the grounds that there is no evidence of deliberate

indifference on the part of jail employees or an official policy of deliberate indifference.  Plaintiffs

were twice ordered to file a written response to the motion, but failed to do so.  Consequently, the court will consider the summary judgment motion without the benefit of a response.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  A movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue.  *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995).  The burden then shifts to the non-movant to show that summary judgment is not proper.  *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept the movant's evidence as undisputed.  *See Rodgers v. Duncanville Independent School Dist.*, No. 3-04-CV-0365-D, 2005 WL 770712 at *1 (N.D. Tex. Apr. 5, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005) (citing cases). Still, all evidence must be viewed in the light most favorable to the party opposing the motion.  *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A civil rights claim based on the denial of adequate medical care is governed by the Eighth Amendment to the United States Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  In order to establish a constitutional violation, plaintiffs must show that jail officials acted with deliberate indifference to Bauer's medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.*, 97 S.Ct. at 292; *see also Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

The evidence submitted by defendants shows that Bauer first complained of shortness of breath on October 7, 2002. He was examined by a nurse who found no symptoms of an infection. A jail physician reviewed Bauer's chart, but did not recommend further treatment. A week later, on October 15, 2002, Bauer complained of a knot or cyst in his neck and left shoulder area. This time, Bauer was examined by a doctor who ordered x-rays. His chest x-ray revealed a mass in the lung. Over the next six weeks, Bauer received out-patient care at Parkland Hospital, including chest x-rays, a CT scan, pathology tests, and consultation at the oncology clinic. Despite the efforts of his doctors, Bauer died of lung cancer on December 2, 2002 while hospitalized at Parkland.

Even when viewed in the light most favorable to plaintiffs, the summary evidence falls far short of establishing deliberate indifference on the part of jail officials. To the contrary, it appears that Bauer received prompt medical treatment at the jail and Parkland Hospital once he complained of shortness of breath and a cyst or knot on his neck. Unfortunately, Bauer suffered from terminal cancer and died within a matter of months. There is nothing to suggest that his death was due to the conduct of defendants or their subordinates. Accordingly, defendants are entitled to summary judgment with respect to plaintiffs' federal civil rights claim.

Plaintiffs also sue for wrongful death and survival damages under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.021, *et seq.* A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No.

3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D.Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").  The court therefore declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

## CONCLUSION

For these reasons, defendants' motion for summary judgment is granted with respect to plaintiffs' federal civil rights claim brought under 42 U.S.C. § 1983.  The court declines to exercise supplemental jurisdiction over plaintiffs' claims for wrongful death and survival damages under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.021, *et seq.*  By separate judgment issued today, the court will dismiss plaintiffs' federal claim with prejudice and dismiss plaintiffs' state claim without prejudice.

SO ORDERED.

DATED:  October 28, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE